UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL AGUSTIN HERNANDEZ,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 2:22-cv-01295-NJK<br><br>**ORDER** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II and supplemental security income pursuant to Title XVI of the Social Security Act. Currently before the Court is Plaintiff's motion to reverse or remand. Docket No. 21. The Commissioner filed a response and cross-motion to affirm. Docket Nos. 23, 24. Plaintiff filed a reply to the Commissioner's response. Docket No. 25.

**I.    STANDARDS**

    A.    <u>Disability Evaluation Process</u>

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). That determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe

---

[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

1

or a combination of impairments that significantly limits basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity ("RFC"), which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

  B. Judicial Review

  After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

**II. BACKGROUND**

  A. Procedural History

  On March 9, 2020, Plaintiff filed an application for Social Security Disability Insurance benefits pursuant to Title II and Supplemental Security Income pursuant to Title XVI of the Social Security Act. Administrative Record ("A.R.") 210-26. Plaintiff alleged a disability starting either February 1 or February 7, 2017. A.R. 210, 216. Plaintiff's initial application was denied on September 25, 2020. A.R. 126-35. He then filed a request for reconsideration, A.R. 136-37, which

2

was denied, A.R. 138-45.  On January 15, 2021, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") regarding his benefits determination.  A.R. 146-47.

ALJ Cynthia Hoover held a hearing on June 9, 2021.  A.R. 44-63.  On August 3, 2021, the ALJ issued a decision denying Plaintiff benefits.  A.R. 21-36.  Plaintiff subsequently filed a request for review by the Appeals Council.  A.R. 206-09.  On June 22, 2022, the Appeals Council denied Plaintiff's request to review the ALJ's decision, A.R. 1-4, making it the final decision of the Commissioner.  *See* 42 U.S.C. § 405(g).  The instant case was filed on August 12, 2022.  Docket No. 1.

B.  The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920.  A.R. 21-36.  The ALJ first found that Plaintiff met the insured status requirements through December 31, 2021.  A.R. 23.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from February 7, 2017, through the date of the opinion.  *Id.*  At step two, the ALJ found that Plaintiff has the following severe impairments: plantar fasciitis, hypertension, substance abuse disorder, schizophrenia, depression, anxiety, and post-traumatic stress disorder.  A.R. 24.  At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  A.R. 24-26.  The ALJ found that Plaintiff has the residual functional capacity to perform medium work as defined by 20 C.F.R. § 404.1567(c) and 416.967(c) except that he can: (1) frequently climb ramps and stairs, stoop, kneel, and crouch; (2) occasionally crawl; (3) frequently handle with the bilateral extremities; (4) occasionally be exposed to concentrated extreme temperatures, vibration, and hazards like unprotected heights and dangerous moving machinery like chainsaws and jackhammers; (5) understand, remember, and carryout simple routine work in a well-spaced work environment with occasional coordination with others; (6) occasionally have contact with the public, supervisors, and coworkers; (7) have no fast-paced production quotas; and (8) never climb ladders.  A.R. 26-34.  At step four, the ALJ found that Plaintiff is unable to perform his past relevant work as a clerk/cashier and a security guard.  A.R. 34.  At step five, the ALJ found that jobs exist in

significant numbers in the national economy that Plaintiff can perform, based on Plaintiff's age, education, work experience, and residual functional capacity. A.R. 34-35. The ALJ considered the Medical Vocational Rules, which provide a framework for finding Plaintiff disabled or not. In addition to considering the Medical Vocational Rules, the ALJ took testimony from a vocational expert that an individual with the same residual functional capacity and vocational factors as Plaintiff could perform work in cleaning positions and as a laborer of stores.[2] A.R. 34-35. In doing so, the ALJ noted that Plaintiff was defined as a younger individual age 18-49 on the alleged disability onset date, but subsequently changed age category to closely approaching advanced age. A.R. 34. The ALJ found that Plaintiff has a limited education and further found the transferability of job skills to be immaterial. *Id.* Based on these findings, the ALJ found Plaintiff not disabled from February 7, 2017, through the date of decision. A.R. 35-36.

### III.    ANALYSIS

Plaintiff raises one issue on appeal. He submits that the ALJ's RFC determination is not supported by substantial evidence because it deviates from the medical opinions in the record. Docket No. 21 at 10-12. The Commissioner responds that the RFC is supported by substantial evidence because the ALJ properly translated the ambiguous medical evidence in the record into a concrete, vocationally relevant RFC. Docket No. 24 at 5-9.

"[R]esidual functional capacity is the most [Plaintiff] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC determination considers all medically determinable impairments, including those that are not severe. *Id.* at §§ 404.1545(a), 416.945(a). The RFC assessment must consider all evidence in the record and "contain a thorough discussion of the objective medical and other evidence . . . ." *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing Social Security Ruling 96-8p, 61 Fed. Reg 34474, 34478 (July 2, 1996)). "The RFC is an administrative assessment of the extent to which an individual's medically determinable impairments … may affect his or her capacity to do work-related physical and mental activities." *Id.* (quoting SSR 96-8p, 61 Fed. Reg at 34475). "[A]t the administrative law judge hearing level

---

[2] Though the ALJ did not list it in her opinion, the vocational expert also testified that Plaintiff could perform work as a hand packager. A.R. 61.

… the administrative law judge … is responsible for assessing [Plaintiff's] residual functional capacity." 20 C.F.R. §§ 404.1546(c), 416.946(c). The residual functional capacity determination does not need to copy the exact opinion of any particular doctor, but "the ALJ is responsible for translating and incorporating clinical findings into a succinct" residual functional capacity. *Rounds v. Commissioner*, 795 F.3d 1177, 1185-86 (9th Cir. 2015), *as amended*, 807 F.3d 996, 1005-06 (9th Cir. 2015).

The RFC limits Plaintiff to "occasional" coordination and contact with others. A.R. 26. Plaintiff submits this limitation is not supported by substantial evidence because the medical opinions the ALJ found persuasive limited him to "minimal" contact and coordination with others. Docket No. 21 at 11-12. Plaintiff's argument is, at bottom, that the ALJ improperly translated the medical opinions in the evidence into an RFC determination.

The Court finds no error in the ALJ's RFC determination. In evaluating Plaintiff's ability to interact with others, the ALJ concluded that Plaintiff has a moderate limitation. A.R. 25. This matches the social interactions limitations recognized by the state agency medical consultants. A.R. 81, 105. The ALJ observed that Plaintiff's limitations were substantially linked to his substance abuse disorder and inconsistent medication intake. A.R. 25. Notably, the ALJ found the state agency medical consultants' opinions on Plaintiff's substance abuse disorder non-persuasive because those portions of the opinions were not consistent with the record and failed to account for how Plaintiff's substance abuse disorder evolved over time. A.R. 31.

"Occasionally" is defined by the Commissioner as " occurring from very little up to one-third of the time." Social Security Ruling 83-10 ("SSR 83-10"), 1983 WL 31251, *5. Plaintiff submits that the Commissioner's reference to this definition, Docket No. 24 at 7-8, is erroneous because it is from a ruling pertaining to exertional capacities, Docket No. 25 at 4. Plaintiff, however, provides no definition from the Commissioner for "minimal."[3] *See id.* at 4-5. SSR 83-

---

[3] Plaintiff does provide citations to various sections of the Programs Operations Manual System ("POMS") and to Department of Labor definitions. Docket No. 25 at 4-7. None of the cited POMS sections, however, provides a definition for "minimal." *See* POMS 24510.060; 25020.010. Further, none of the cited POMS sections precludes the ALJ from using a term defined in SSR 83-10 when crafting a mental capacity RFC. *See id.*

10 was intended "to provide definitions of terms and concepts frequently used in evaluating disability under the medical-vocational rules." SSR 83-10, 1983 WL 31251, *1. That the rule primarily provides exertional capacity examples to define terms instead of mental capacity examples is inconsequential.

The fact that the ALJ's RFC did not use the exact language of the state agency medical consultant's RFC does not create error. The ALJ conducts her review *de novo*, *see* 42 U.S.C. § 421(c)(1); 20 C.F.R. § 404.946(a), and it is the ALJ who crafts the RFC at the hearing level, 20 C.F.R. §§ 404.1546(c), 416.946(c). Ninth Circuit case law recognizes that there "is a presumption that ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017) (quoting *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)). Here, the ALJ interpreted the evidence in the record to allow Plaintiff to have "occasional" contact with coworkers and the public. Notwithstanding any debates about the synonymity of occasional and minimal, the Court finds that the ALJ's RFC determination is supported by substantial evidence.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's motion to remand, Docket No. 21, and **GRANTS** the Commissioner's countermotion to affirm, Docket No. 23. The Clerk's Office is instructed to **enter final judgment** accordingly and to **close** this case.

IT IS SO ORDERED.

Dated: March 7, 2023.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE